[Crim. No. 2656. In Bank.—March 13, 1924.]

In the Matter of the Application of MELVILLE C. YAHNE for a Writ of Habeas Corpus.

[1] AUTOBUS TRANSPORTATION ACT (STATS. 1917, P. 330) — HABEAS CORPUS—PLEADING—SUFFICIENCY OF COMPLAINT.—In this proceeding on *habeas corpus* the complaint under which the petitioner is charged is held to state a public offense.

PROCEEDING on Habeas Corpus to secure release from custody on a charge of violating Autobus Transportation Act (Stats. 1917, p. 330). Petitioner remanded.

The petitioner was held in custody on a charge of violating the Autobus Transportation Act (Stats. 1917, p. 330).

H. L. McAllister for Petitioner.

Carl I. Wheat and R. M. J. Armstrong for Respondent.

THE COURT.—At the conclusion of the oral argument in the above-entitled matter the Chief Justice made the following statement:

[1] The Chief Justice: The justices are all satisfied that the complaint upon which the petitioner is held, as shown by the return, states a public offense, and that the question of whether or not the petitioner was guilty or innocent of that offense is the question counsel is now presenting to the court in his effort to show that the petitioner was engaged

in interstate commerce and that an attempted prohibition of that interstate commerce was a violation of the interstate commerce clause of the federal constitution. We do not believe the record before us presents that question, and hold that the remedy of the petitioner is to defend the case before the trial court.

The petition will be denied and the prisoner remanded for the reasons stated and the remarks of the court will be transcribed and made the written opinion of the court.

Petitioner remanded.